CHRISTOPHER TOWNSEND v. JOHN A. HAZARD and others.

When the bond required to be given by Chapters 191 and 192 of the Revised Statutes, as a condition of taking an appeal from the Court of Common Pleas to the Supreme Court, or of filing a bill of exceptions in the latter court to the rulings of the former, has been signed neither by the party excepting, nor by his attorney of record, but by a stranger to the suit, the appeal, or exception, must be dismissed, because the Statute has not been complied with.

MOTION to dismiss a bill of exceptions from the Court of Common Pleas to this court, on the ground that the bond required by the statute (Rev. Stat. Chap. 192, § 17,) was executed by a stranger to the suit.

*Sheffield, for the plaintiff*, in support of the motion, cited *Leach* v. *Drake*, 16 Pick. 203; *Ex-parte Brooks*, 7 Cowan, 428, and *Hardway* v. *Byles*, 1 Sm. & Marsh. 657.

*F. B. Peckham, Jr., for the defendant, contra*:—

The bond in question is good; and if it was not, the court should grant him leave to perfect it, or to substitute a new and sufficient one, within some reasonable time. *Keene* v. *Deardon et al.* 8 East. 298; *Dixon* v. *Dixon*, 2 Bos. & Pul. 443; *Pettee* v. *Flewellen*, 2 Kelly, (Ga.) 236; *Ghelton* v. *Wade*, 4 Texas, 148; *Cahoone* v. *Morton*, 4 Jones, (N. C.) 256; *Thom* v. *Savage*, 1 Black-

ford, 51 ; *Cunningham et al.* v. *Hopkins,* 8 California, 33 ; *Brobst* v. *Brobst,* 2 Wall. 96 ; *Seymour* v. *Freer,* 8 Wall. 822.   Here the defendant has acted in good faith, and the bond was made, during his absence in Europe, by an agent who had charge of his affairs.   The object of the statute requiring bond is to secure to the other side the payment of the costs of the appeal or exceptions.   It seems as if the case cited by the plaintiff, (from 16 Pick.) unlike some of those above referred to, was not thoroughly discussed or considered.

*Sheffield, in reply :—*

The two English cases and the two cases from Wallace, cited by the defendant, depend upon statutes which require bonds to be given to the satisfaction of. the court.   The court in those cases exercise a discretion; but under our statutory provision it is otherwise ; no statutory discretion is conferred upon the court. The provision requiring the party excepting to give bond is absolute.   This he may do by attorney, or by any person in privity with him, *but not by a stranger.*   The intimation is, that Daniel L. Hazard had some business relations with John A. Hazard, but there is no intimation that he was ever charged by John A. Hazard with any duty in connection with the suit.   This bond must be filed within five days.   It cannot be filed afterwards. Now if one part of the bond can be changed after the five days, the whole bond may be changed, and the statute be entirely avoided.   So that the bond cannot be amended.   In the case cited from Kelley, the appellant addressed a letter to his brother requesting him to sign the bond.   The case from Texas Reports depends upon the local practice of the state.   In the case from Jones Reports, the bond was signed by a partnership by the name of the firm, and was not decided upon a statute provision. The case from Indiana Reports was upon a very different statute from the statute of this state, and was to stay an execution. The California case was where the authority to pass upon the bond vested in the discretion of the court.

DURFEE, J.   This is a motion to dismiss a bill of exceptions, so called, upon the ground that the bond required by the statute has not been filed in the court below.   A bond has been filed,

but it is a bond executed not by the party excepting, or by his attorney of record, but by a stranger to the suit. It is claimed that such a bond is insufficient, and in support of this view, we have been referred to the case of *Leach* v. *Drake*, 16 Pick. 203. That was a motion to dismiss a probate appeal, because a bond to prosecute it to effect had not been " given and filed in the probate office by the appellant," as required by Statute of 1817, chapter 190, section 7, the bond being executed not by the appellant, but by persons who did not appear to be his attorneys, and who did not profess to bind him, but themselves. The court held that the bond was not in compliance with the statute, and dismissed the appeal. To the same point the cases of *Ex-parte Brooks*, 7 Cowen, 428, and *Hardway* v. *Byles*, 1 Sm. & Marsh, 657, were also cited. In the case of *Ex-parte Holbrook* the court say : " The statute is express, that the party shall execute ; and we have usually construed it with great strictness." The case from 1 Sm. & Marsh we have not seen, it not being in our library, and not having been produced.

On the other hand, it is stated and not denied, that the bond was given during the absence of the excepting party in Europe, by an agent who had charge of his affairs ; though it is not claimed that he was charged specially with any duty in regard to this suit, and the bond-book of the Court of Common Pleas for Newport county has been produced, which shows that it has been the practice for appeal bonds to be signed by the attorneys, and not always on the face of the bonds expressly as such ; though it does not appear that the giving of such bonds by persons who are entire strangers to the suits in which they are given is supported by any practice. Several cases have also been cited which, it is claimed, support the view that the bond given is sufficient.

But the cases referred to in opposition to the motion proceed upon reasons with which we are not satisfied, and manifest, in our opinion, a dangerous laxity of construction. Our statutes contain other similar provisions, which, if similarly construed, would, in a greater or less degree, fail to fulfill their purpose. It is true, the English cases are of quite an early date, and may

possibly have had an influence in originating the practice of giving the bond of the attorney of record instead of the bond of the party. But we are not informed that the practice has ever extended, in our state, to a mere stranger to the suit, and we are not disposed to approve of such an extension. We therefore dismiss the proceeding, upon the ground on which its dismissal is moved.

*Exceptions dismissed.*